# Order

Michigan Supreme Court
Lansing, Michigan

December 23, 2020

160284

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
     Plaintiff-Appellee,

v

MICHAEL ALLEN STEAD,
     Defendant-Appellant.

SC: 160284
COA: 346488
Roscommon CC: 17-007903-FC

_____/

By order of February 4, 2020, appellate counsel was directed to file a supplemental brief addressing the reasons for his failure to secure the filing of the necessary transcripts as required by MCR 7.205(B)(4) and MCR 7.210(B)(1)(a). The supplemental brief having been received, the application for leave to appeal the May 20, 2019 order of the Court of Appeals is again considered. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REMAND this case to the Roscommon Circuit Court for further proceedings consistent with this order. Appellate counsel concedes that his failure to order transcripts was the product of his unfamiliarity with the relevant court rules. The defendant, through no fault of his own, was denied meaningful appellate review of his convictions and sentences. See *Halbert v Michigan*, 545 US 605 (2005). On remand, the trial court shall permit the defendant to "order from the court reporter or recorder the full transcript of testimony and other proceedings in the trial court or tribunal," MCR 7.210(B)(1)(a), or if appropriate, "some portion less than the full transcript," MCR 7.210(B)(1)(c). The trial court shall also permit the defendant to file a motion for a declaration of indigency for purposes of obtaining transcripts at public expense under MCR 6.433(B). If the defendant chooses to file such a motion, the trial court shall determine whether he is indigent using the criteria set forth in MCR 6.005(B). Once transcripts have been ordered and arrangements for payment have been made, the court reporter shall prepare the requested transcripts in accord with the procedures outlined in MCR 7.210(B)(3). Thereafter, the defendant may file an application for leave to appeal in the Court of Appeals for consideration under the standard for direct appeals, and/or any appropriate post-conviction motions in the trial court, within 42 days of the filing of the requested transcripts. In all other respects, leave to appeal is DENIED,

because we are not persuaded that the remaining questions presented should be reviewed by this Court.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 23, 2020



Clerk

t1216